*DIRECT APPEAL*

# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT



RECEIVED APR 3 0 2008 By____

**In Case No. 2007-0399, <u>State of New Hampshire v. Karl Parkhurst</u>, the court on April 29, 2008, issued the following order:**

    Having considered the parties' briefs and the appellate record, we conclude that oral argument is unnecessary for the disposition of this appeal. See Sup. Ct. R. 18(1). Following a jury trial, the defendant, Karl Parkhurst, was convicted of two counts of aggravated felonious sexual assault. See RSA 632-A:2, I(k). On appeal, he contends that the trial court erred when it denied his motion to exclude certain sexually graphic statements he made to the police because they were irrelevant and unfairly prejudicial. Finding no error, we affirm.

    The defendant was the legal guardian of the victim. The police were called after the victim, who was then seventeen, told friends she was pregnant by the defendant. In an interview with the police, the defendant admitted that he was the father of the victim's baby and that they had been having a sexual relationship for over a year. He also gave a statement to the detective that he had asked "to lick [the victim's] vagina, because he want[ed] to see what a virgin taste[d] like." He also wrote in a statement that he asked the victim if he "could taste her."

    The trial court denied the defendant's motion <u>in limine</u> to exclude the statements. On appeal, the defendant contends that the trial court erred in admitting these statements because they were irrelevant and unfairly prejudicial. See N.H. R. Ev. 401, 403.

    The admissibility of evidence is a matter within the trial court's broad discretion. <u>State v. Dinapoli</u>, 149 N.H. 514, 518 (2003). Absent an unsustainable exercise of discretion, we will not reverse a trial court's ruling on the admission of evidence. <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001). "The defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case." Id.

    The State argues that the evidence was relevant to prove the elements of authority, coercion, and state of mind; the defendant contends that because he admitted that he had a sexual relationship with the victim, the only contested issues were its time frame and whether it was coerced. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.H. R. Ev. 401.

**In Case No. 2007-0399, <u>State of New Hampshire v. Karl Parkhurst</u>, the court on April 29, 2008, issued the following order:**

Page Two of Two

In this case, the State had to prove the defendant was in a position of authority over the victim, that he used that authority to coerce her, and that he acted knowingly. The trial court found that the statements were "highly probative of [the defendant's] awareness of his actions, and thus were relevant to his <u>mens rea</u>," as well as the elements of authority and coercion. We agree. The statements were also relevant to the charges of which the defendant was acquitted to prove the age of the victim when the assaults began, an issue that was disputed throughout the trial. <u>See</u> RSA 632-A:2, I(j).

Having determined that the statements were relevant, we consider whether their probative value was "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." <u>N.H. R. Ev.</u> 403. Even if we assume that the crude nature of the statements may have been prejudicial, <u>but see State v. Hood</u>, 131 N.H. 606, 607 (1989) (deliberative capacity of juror in 1987 sexual assault trial unlikely to be affected by seeing indecorous depictions of human nakedness), their probative value was not substantially outweighed by the danger of unfair prejudice. As the trial court noted, the statements, "while [they] were certainly crass, [were] not of such a nature as to require exclusion." We agree with the trial court that the evidence would not cause the jury to decide this case on an improper emotional basis. <u>See State v. Beltran</u>, 153 N.H. 643, 649 (2005). Our conclusion is buttressed by the defendant's acquittal on the two sexual assault indictments that charged that the victim was under sixteen at the time of the assaults. Given the record before us, we find no error in the trial court's ruling.

<u>Affirmed</u>.

Broderick, C.J., and Dalianis, Duggan, Galway and Hicks, JJ., concurred.

**Eileen Fox,
Clerk**

Distribution:
Clerk, Hillsborough County Superior Court North  06-S-1767, 1768
Honorable James J. Barry, Jr.
David M. Rothstein, Esquire
Nicholas Cort, Esquire
Tamara Fisher, Esquire
Carolyn K. Brown, Esquire
Marcia McCormack, Supreme Court
Michelle A. Caraway, Supreme Court
File