```
             UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE
```

Karl Parkhurst

    v.                                                    Civil No. 09-cv-240-PB

Richard Gerry, Warden,
New Hampshire State Prison

## **O R D E R**

Before the Court is Karl Parkhurst's petition for a writ of habeas corpus (document no. 1), and attachments thereto,[1] filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review to determine whether or not the petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing Magistrate Judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

---

[1]The addenda to Parkhurst's petition will be accepted as part of the petition for all purposes. See Fed. R. Civ. P. 10(c) (written instrument addended to a pleading is a part of the pleading for all purposes).

## Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). The court must accept as true the plaintiff's factual assertions, see Erickson, 551 U.S. at 94, and any inferences reasonably drawn therefrom. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005). This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

After a jury trial, Karl Parkhurst was convicted of two felony sexual assaults on March 7, 2007. On May 16, 2007, Parkhurst was sentenced to two consecutive ten to twenty year prison sentences. Parkhurst appealed his conviction to the New Hampshire Supreme Court ("NHSC"). His notice of appeal raised seven specific questions challenging evidentiary decisions made by the trial court prior to and during trial. One of those questions, arguing that certain statements Parkhurst made to the police were erroneously admitted in evidence, was briefed on appeal. On April 29, 2008, the NHSC affirmed Parkhurst's conviction by unpublished opinion, a copy of which is addended to the petition. See State v. Parkhurst, No. 2007-0399, slip op. (N.H. Apr. 29, 2008).

On August 5, 2008, Parkhurst filed a motion for a new trial in the trial court. That motion alleged that Parkhurst had received ineffective assistance of counsel at trial, and identified a number of specific instances of ineffective assistance. The motion for a new trial was denied without a hearing on September 18, 2008. Parkhurst filed a motion to reconsider which was denied on October 14, 2008. Parkhurst filed

a timely appeal to the NHSC, which was declined on December 19, 2008.

Parkhurst now files this petition, raising the following claims for relief[2]:

1. Parkhurst received ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution when trial counsel:

    a. improperly advised Parkhurst that New Hampshire does not recognize a consent defense for the offenses with which Parkhurst was charged;

    b. failed to retrieve a jewelry store receipt, a piece of evidence important to Parkhurst's defense;

    c. failed to acquire, provide to Parkhurst, or challenge the state's failure to provide in discovery, videotaped police interviews of the complainant;

    d. failed to acquire videotape of the Suncoast Video store, evidence Parkhurst claims would establish a date critical to his defense;

    e. failed to adequately challenge alterations made in police reports and records and the use of the altered records by the prosecution at trial;

    f. failed to investigate certain misrepresentations recorded in the police reports in Parkhurst's case.

---

[2] The claims, as identified and enumerated herein, will be considered to be the claims in this case for all purposes. If Parkhurst disagrees with the claims as identified, he must do so by properly moving to amend his petition.

4

    2.    The trial court erred in allowing into evidence certain sexually graphic statements Parkhurst made to the police because the statements were irrelevant to any material fact in dispute in the case and were highly prejudicial to Parkhurst.

Discussion

I.    Custody and Exhaustion

To be eligible for habeas relief, Parkhurst must show that he is both in custody and has exhausted all of his state court remedies, or that he is excused from exhausting those remedies because of an absence of available or effective state corrective processes. See 28 U.S.C. § 2254(a) & (b); see also Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997) (citing authority to explain the exhaustion principle). Parkhurst is presently incarcerated pursuant to his sentence in this matter, and thus satisfies the custody requirement of the statute.

A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the petitioner's claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim[s] to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270,

275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the State courts to give them the first opportunity to remedy the claimed constitutional error). "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000) (internal citations omitted)); Josselyn v. Dennehy, 475 F.3d 1, 3 (1st Cir. 2007).

A habeas petitioner may fairly present a claim by doing any of the following: "'(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.'" Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (citation omitted), cert. denied, ___ U.S. ___, 129 S. Ct. 2064 (2009); but see Martens v. Shannon, 836 F.2d 715, 717

(1st Cir. 1988) (simply reciting facts underlying state claim, which might support either state or federal claim, is inadequate to constitute fair presentation of federal claim to state court). In some circumstances, a petitioner can prove that he has exhausted a federal issue by showing that he cited state court decisions that rely on federal law, or he articulated a state claim that is indistinguishable from one arising under federal law.  See Nadworny v. Fair, 872 F.3d 1093, 1099-1102 (1st Cir. 1989).  The petitioner has the burden of demonstrating that the state and federal claims are so similar that asserting only the state claim likely alerted the state court to the federal aspect of the claim.  See id. at 1100.

    A.    Exhausted Claims - Ineffective Assistance of Counsel

Parkhurst asserts six claims alleging bases for his assertion that his trial counsel was constitutionally ineffective.  Parkhurst first raised these claims in the trial court in his August 2008 motion for a new trial, which he has attached to his petition.  In that motion, he raises the federal constitutional dimension of his ineffective assistance of counsel claims.  Parkhurst has also submitted the notice of appeal that he filed in the NHSC appealing the denial of his motion for a new

trial.  While the body of the notice of appeal does not assert a federal constitutional claim, it does indicate that Parkhurst attached a copy of the trial court's order denying the motion to the notice of appeal.  That order makes clear that the Sixth Amendment basis for Parkhurst's motion for a new trial was raised before and considered by that court in rendering its decision.  I therefore find that the trial court's order, appended to the notice of appeal, sufficiently demonstrates exhaustion of the ineffective assistance of counsel claims to allow those claims to be answered and further considered by this Court.

  B. <u>Unexhausted Claim – Improperly Admitted Evidence</u>

  Parkhurst litigated his evidentiary claim in the trial court, and then again on direct appeal.  Parkhurst has submitted both his notice of appeal and his brief in the direct appeal of this matter in each of those documents, Parkhurst raised and argues a claim, based on state law, that the sexually graphic statements were improperly admitted at trial because they were not probative of any issue in dispute, and were unduly prejudicial.  Nothing in the record demonstrates that any federal basis for this claim has been presented to, or considered by, the

state courts, including the NHSC.  Accordingly, Parkhurst has not demonstrated that this claim has been exhausted at this time.

Liberally construed, however, the petition can be read to assert a claim that the admission into evidence of Parkhurst's sexually graphic statements to the police was so prejudicial that it denied him his right to due process and a fair trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.  In order to assert such a claim in this Court, however, that federal basis for the claim must first have been exhausted in the state courts, which has not yet been done in this case.  I will, however, give Parkhurst the opportunity to either return to the state courts to exhaust the federal basis of this claim, or to forego the claim voluntarily, so that his remaining exhausted claims may proceed without further delay.

II. Voluntary Dismissal

If Parkhurst does not wish to pursue the evidentiary claim as a federal constitutional claim, he has the option of foregoing this claim, instead of exhausting the federal basis for the claim, and requesting that this Court proceed promptly on only his presently exhausted ineffective assistance of counsel claims. Parkhurst should be advised, however, that if he does forego this

claim, he will likely waive ever having the foregone claim considered by this Court due to the prohibition against second or successive federal habeas petitions. See 28 U.S.C. § 2244; Pratt v. United States, 129 F.3d 54, 56-58 (1st Cir. 1997).

III. Mixed Petition and Stay

Because I have construed Parkhurst's evidentiary claim as presenting an unexhausted federal claim, if Parkhurst chooses not to forego the claim, he must exhaust it. "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson, 131 F.3d at 261 (emphasis added). As construed, Parkhurst's petition presently contains both exhausted and unexhausted federal claims. If Parkhurst presses his petition without first exhausting all of the claims contained therein, or voluntarily dismissing his presently unexhausted claim, the Court will be forced to dismiss of the entire petition. See Nowaczyk v. Warden, N.H. State Prison, 299 F.3d 69, 75 (1st Cir. 2002) (citing Rose v. Lundy, 455 U.S. 509, 513-21 (1982)). Where a petition contains both exhausted and unexhausted claims, the proper course of action is

to stay the petition pending the exhaustion of all of the claims contained therein.  See <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005) (a district court should stay a mixed petition containing both exhausted and unexhausted claims if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.").

## Conclusion

For the foregoing reasons, Parkhurst must either (1) forego his currently unexhausted claims, or (2) return to the State courts to exhaust his claims, and then amend his petition to demonstrate exhaustion of his presently unexhausted claims. Parkhurst is ordered to:

1. Advise this Court within thirty (30) days of the date of this Order whether or not he chooses to forego his unexhausted claim.  If Parkhurst notifies the Court in writing that he wishes to voluntarily dismiss his unexhausted claim, the Court will direct that his exhausted claims be answered and the claims will be promptly considered.

  2. If Parkhurst intends to return to the state courts to exhaust his unexhausted claim so that it can be considered here, he must so notify this court, and commence his state court action, within thirty (30) days of the date of this Order.

  3. Upon receiving notification that Parkhurst intends to return to the state courts to exhaust his unexhausted claim, this Court will stay this action.

  4. Once this action is stayed, Parkhurst must notify the Court, in writing, of the status of the state court proceedings every ninety (90) days.

  4. When the presently unexhausted federal claim is fully exhausted in the state courts, including the NHSC, Parkhurst must, within thirty (30) days of receiving the final NHSC decision, notify this Court that the state court litigation is concluded.  Parkhurst must provide this Court with the documentation of exhaustion of his claims at that time.  To satisfy this Order, Parkhurst must provide this Court with complete copies of documents filed in the Superior Courts and the NHSC, showing that the presently unexhausted federal constitutional claim has been raised and exhausted in those Courts.  Parkhurst should also provide this Court with complete

copies of any orders or opinions issued by the state courts relative to these matters that have not previously been submitted to this Court.

    5.   Should Parkhurst fail to amend his complaint to demonstrate that he has exhausted his state court remedies for each of the grounds presented, or otherwise fail to comply with this Order, the petition may be dismissed without prejudice for failure to demonstrate exhaustion of each of the claims raised. See 28 U.S.C. § 2254(b).

    **SO ORDERED.**

*/s/ James R. Muirhead*
James R. Muirhead
United States Magistrate Judge

Date:    September 30, 2009

cc:    Karl Parkhurst, pro se

JM:jba