**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Karl Parkhurst</u>

    v.                                                     Civil No. 09-cv-240-PB

<u>Richard Gerry, Warden,</u>
<u>New Hampshire State Prison</u>

**O R D E R**

Before the Court is Karl Parkhurst's petition for a writ of habeas corpus (document no. 1), and attachments thereto, filed pursuant to 28 U.S.C. § 2254, as well as several addenda filed by Parkhurst (document nos. 7 & 10-12).[1] The matter initially came before me for preliminary review to determine whether or not the petition is facially valid and may proceed. <u>See</u> Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing Magistrate Judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

---

[1]The attachments and addenda to Parkhurst's petition will be accepted as part of the petition for all purposes.  <u>See</u> Fed. R. Civ. P. 10(c) (written instrument addended to a pleading is a part of the pleading for all purposes).

On September 30, 2009 (document no. 5), the Court issued an Order stating that Parkhurst's six claims of ineffective assistance of counsel, identified in that Order as claims 1(a)-(f), had been exhausted in the state courts and were ready to proceed. In the September 30, 2009, Order, the Court also directed Parkhurst to either: amend his one unexhausted claim, identified in the Order as claim 2; demonstrate that that claim had been exhausted; forego the claim; or return to the state court to exhaust the federal nature of the claim. Parkhurst opted to return to the state court to exhaust the claim. The petition was stayed pending exhaustion of the claim in the state courts.

Parkhurst has now notified the Court that he has exhausted claim 2 and asks that the stay be lifted. Parkhurst has provided documentation that the federal nature of the previously unexhausted claim was presented unsuccessfully to the state Superior Court, and was then appealed to the New Hampshire State Court for consideration. The New Hampshire Supreme Court declined to hear the matter. I find that Parkhurst has now exhausted his previously unexhausted claim. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988) ("habeas corpus

petitioner must have presented the substance of his federal constitutional claim[s] to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Picard v. Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have fairly presented the federal nature of his claims to the State courts to give them the first opportunity to remedy the claimed constitutional error).  The petitioner has previously demonstrated that he is in state custody, and accordingly, the petition may proceed.  See 28 U.S.C. § 2254(a) and (b) (providing that the writ "shall not be granted" unless petitioner is in state custody and has exhausted all available or effective state remedies).

    I order the petition to be served on respondents.  See § 2254 Rule 4.  The petition shall be served upon Respondent Richard Gerry, Warden of the New Hampshire State Prison. Respondent shall file an answer or other pleading in response to the allegations made therein.  See id. (requiring reviewing judge to order a response to the petition).  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General as provided in the Agreement On Acceptance Of Service, a copy of this Order, the habeas petition and addenda thereto

(document nos. 1, 7 & 10-12), and the Order issued on September 30, 2009 (document no. 5).

Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

August 27, 2010

cc: Karl Parkhurst, pro se

LBM:jba