UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Karl Parkhurst**

  **v.**        Case No. 09-cv-240-PB
             Opinion No. 2011 DNH 183
**Warden, NH State Prison**

**MEMORANDUM AND ORDER**

  Karl Parkhurst was convicted of two counts of aggravated felonious sexual assault and sentenced to an aggregate term of twenty to forty years in state prison.  He has petitioned this court for a writ of habeas corpus, alleging that: (1) his trial counsel rendered ineffective assistance in four specific instances; and (2) the trial court improperly admitted Parkhurst's sexually graphic statements to the police.  His jailer, the Warden of the New Hampshire State Prison, has moved for summary judgment.  For the reasons described below, I grant the Warden's motion.

**I. BACKGROUND**[1]

**A. The Assault**

  Parkhurst married the victim's mother in 1999.  After the mother died in January 2001, Parkhurst became the legal guardian

---

[1] Citations to the trial transcripts are indicated by "Tr."

of his two step-children, the victim, who was thirteen years old at the time, and her eleven-year-old brother.

The victim testified that soon after her mother died, Parkhurst started to give her hugs that lasted a long time, and occasionally would touch her buttocks while doing so.  He also occasionally threatened to turn over guardianship to the State. This terrified the victim because her brother was her best friend, and she feared being separated from him.

Several months before she turned sixteen, the victim testified that Parkhurst began asking to perform oral sex on her, look at her breasts and buttocks, and lick her anus.  The victim initially declined Parkhurst's requests, but ultimately acquiesced because she feared that if she did not, she and her brother would be separated.  When she turned sixteen, the victim and Parkhurst began having intercourse.  In March 2005, when she was seventeen years old, the victim became pregnant with Parkhurst's child.  In July 2005, she told her "Big Sister" Denise McKinnon about the pregnancy, and McKinnon called the police.

The next day, Parkhurst went to the Manchester police station voluntarily.  He admitted that he was the father of the

victim's baby.  At first, he claimed that the sexual
relationship had started in March 2005.  When the police
expressed skepticism, he admitted that he had performed oral sex
in November 2004, but he later changed the date to March 2004.
He told the police that he had asked the victim "to lick her
vagina, because he want[ed] to see what a virgin taste[d] like."
Tr. 2 at 158.  Parkhurst subsequently wrote a statement in which
he said that in March 2004 he had "asked [the victim] if [he]
could taste her . . . ."  Id. at 164.

**B.   The Trial**

A Hillsborough County grand jury indicted Parkhurst on four
counts of aggravated felonious sexual assault.  Following a jury
trial in March 2007, Parkhurst was convicted on two counts
alleging that he had used his position of authority to coerce
the victim to submit to sexual penetration while she was under
the age of eighteen.  The jury acquitted him on the two counts
alleging sexual penetration with a victim under the age of
sixteen.

Before trial, Parkhurst invoked New Hampshire Rules of
Evidence 401, 403, and 404(b) in moving to exclude from evidence
under statements he made to the police in which he used sexually

graphic language to describe how he had asked the victim to
perform oral sex on her.  The State responded by arguing that
the evidence was relevant to prove sexual penetration when the
victim was under the age of sixteen; that Parkhurst had used his
position of authority to coerce the victim to submit to his
sexual demands; and that Parkhurst had acted with the required
mens rea.  The State also argued that the probative value of the
statements was considerable and not substantially outweighed by
the danger of unfair prejudice.  The trial court denied
Parkhurst's motion, ruling that the evidence was relevant to his
mental state and not unfairly prejudicial.

**C.   Direct Appeal and Post-Conviction Proceedings**

Parkhurst appealed his conviction to the New Hampshire
Supreme Court, arguing that the trial court had improperly
admitted his statements to the police.  The New Hampshire
Supreme Court affirmed his conviction on April 29, 2008.  In
rejecting Parkhurst's argument, the court concluded that the
statements were relevant to Parkhurst's mental state, his
position of authority, his coercion of the victim, and the
victim's age when the assaults began.  The court concluded that
the statements were not unfairly prejudicial because they would

4

not have caused the jury to decide the case on an improper emotional basis.  State v. Parkhurst, No. 2007-0399 (N.H. April 29, 2008).

Parkhurst next filed a motion for a new trial in the Hillsborough County Superior Court, alleging ineffective assistance of counsel.  Without holding a hearing, the Superior Court denied the motion on September 18, 2008.  On December 19, 2008, the New Hampshire Supreme Court declined to hear an appeal.

On July 16, 2009, Parkhurst filed a petition for a writ of habeas corpus in this court, alleging ineffective assistance of counsel and arguing for the first time that the state trial court had violated his federal rights by admitting into evidence his statements to the police.  On September 30, 2009, this Court concluded that Parkhurst had exhausted his claims of ineffective assistance, but that he had not exhausted the claim regarding the admission of his statements to the police.

Parkhurst then filed a petition for a writ of habeas corpus in Merrimack County Superior Court, arguing that his statements were improperly admitted in violation of his right to due process and a fair trial under the Sixth and Fourteenth

Amendments to the U.S. Constitution.  After a hearing, the
Superior Court denied the petition on March 2, 2010.  The New
Hampshire Supreme Court declined to hear Parkhurst's appeal on
April 28, 2010.  Thereafter, this court granted Parkhurst's
motion to lift the stay on his petition and ordered service of
the petition on the Warden.

## II.   STANDARDS OF REVIEW

### A.   Summary Judgment

Summary judgment is appropriate when the record reveals "no
genuine dispute as to any material fact and that the movant is
entitled to judgment as a matter of law." Fed. R. Civ. P.
56(a).  The evidence submitted in support of the motion must be
considered in the light most favorable to the nonmoving party,
drawing all reasonable inferences in its favor.  See Navarro v.
Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001).

A party seeking summary judgment must first identify the
absence of any genuine issue of material fact.  Celotex Corp. v.
Catrett, 477 U.S. 317, 323 (1986).  The burden then shifts to
the nonmoving party to "produce evidence on which a reasonable
finder of fact, under the appropriate proof burden, could base a

verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996); see Celotex, 477 U.S. at 323.

**B.    AEDPA**

I review Parkhurst's habeas petition under the standards established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254.  Under AEDPA, if a state court has adjudicated the petitioner's claim on the merits, a federal court may grant relief to the petitioner only if the state court's adjudication resulted in a decision that "was contrary to" clearly established federal law, involved an "unreasonable application" of clearly established federal law, or was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  An application of law is unreasonable when there is "some increment of incorrectness beyond error . . . .  The increment need not necessarily be great, but it must be great enough to make the decision unreasonable in the independent and objective judgment of the federal court." McCambridge v. Hall,

303 F.3d 24, 36 (1st Cir. 2002) (internal quotation marks and

citation omitted).


### III.  ANALYSIS

Parkhurst first argues that his trial counsel was

constitutionally ineffective based on her handling of four

different issues.  His second claim is that the trial court

violated his right to due process when it admitted into evidence

his sexually graphic statements to the police.  I address each

argument in turn.


### A.  Ineffective Assistance of Counsel

Parkhurst contends that his trial counsel rendered

constitutionally ineffective assistance by: (1) failing to

acquire a jewelry store receipt which Parkhurst believed was

important to his defense; (2) failing to acquire records from

Suncoast Video Store, which Parkhurst claims would have

established a critical date and refuted the victim's monetary

coercion claim; (3) failing to acquire a videotaped interview of

the victim; and (4) failing to challenge alterations made in

police reports and the use of the altered records by the State

at trial.[2]  The Warden argues that the performance of Parkhurst's trial counsel was not deficient, and that even if it was, the deficiency did not prejudice the outcome of Parkhurst's case.

To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must show "both deficient performance by counsel and resulting prejudice." Peralta v. United States, 597 F.3d 74, 79 (1st Cir. 2010) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)); see also Kimmelman v. Morrison, 477 U.S. 365, 382 (1986) (adopting the two-prong Strickland standard for claims of ineffective assistance of counsel on habeas review).  In order to satisfy the "deficient performance" prong of this standard, a petitioner must prove that his trial counsel's representation fell below "an objective standard of reasonableness." Pina v. Maloney, 565 F.3d 48, 54 (1st Cir. 2009); Owens v. United States, 483 F.3d 48, 57 (1st Cir. 2007).

---

[2] In his habeas petition, Parkhurst raised two additional ineffective assistance claims, alleging that his trial counsel (1) improperly advised him that New Hampshire does not recognize a consent defense for the offenses with which he was charged; and (2) failed to investigate certain misrepresentations contained in the police reports. Doc. No. 1 at 5.  In his objection to the Warden's motion for summary judgment, however, Parkhurst states that he concedes the first claim and withdraws the second claim. Doc. No. 21 at 9.  Because Parkhurst has chosen to forego those claims, I do not address them.

To establish prejudice, a petitioner must demonstrate "that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different." Yeboah-Sefah v. Ficco, 556 F.3d 53, 70 (1st Cir. 2009), cert. denied, 130 S. Ct. 639 (2009) (quoting Sleeper v. Spencer, 510 F.3d 32, 39 (1st Cir. 2007)).  If counsel's actions did not prejudice the defendant, the court may dispose of the ineffective assistance claim with a prejudice analysis alone. Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

My review of the state court's decision denying Parkhurst's ineffective assistance claims is "doubly deferential." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Knowles v. Mirzayance, 129 S. Ct. 1411, 1413 (2009)).  I must take a "highly deferential look at counsel's performance [under Strickland], through the deferential lens of § 2254(d)." Id. (internal quotation marks and citations omitted).  Specifically, because Parkhurst's ineffective assistance claim is subject to AEDPA's deferential standard of review, he "must not only

establish counsel's ineffectiveness under Strickland, but must
also demonstrate that the state court's denial of his claim was
objectively unreasonable." Abrante v. St. Amand, 595 F.3d 11,
19 (1st Cir. 2010).

     In Parkhurst's case, the state court applied the Strickland
standard to the ineffective assistance claims, noting that the
prejudice standard was the same under both state and federal
law.  In rejecting his claims, the state court assumed without
deciding that his trial counsel's performance was deficient.
The court, however, found that his claims nonetheless failed
because he could not show that the alleged deficiencies actually
prejudiced his case. Doc. No. 1-14 at 4.

### 1.   **Failure to Obtain Jewelry Store Receipt**

     Parkhurst testified at trial that he had proposed to the
victim in March 2005, before he knew that she was pregnant.  Tr.
2 at 227.  The victim claimed that Parkhurst's proposal came
only after he learned that she was pregnant.  Id. at 30-31.
Parkhurst argues that his trial counsel was ineffective because
she failed to obtain a jewelry store receipt showing that he had
purchased an engagement ring in September 2004.  Although
Parkhurst does not say so directly, he implies that the receipt

would have helped to rebut the state's contention that his sexual relationship with the victim was coercive.  He also relies on the fact that the jury asked a question concerning the issue during delegations to support his argument that the failure to obtain the receipt was prejudicial to his case.

The Superior Court held that the trial counsel's failure to obtain the receipt "was of no consequence." Doc. No. 1-14 at 7. The court reasoned that the receipt would not have proven that Parkhurst in fact asked the victim to marry him on the same date he purchased the ring, and that, therefore, counsel's failure to obtain the receipt did not prejudice Parkhurst's case.  Id.

The state court's prejudice determination was neither an "unreasonable application" of Strickland nor an "unreasonable determination of the facts in light of the evidence presented." See 28 U.S.C. § 2254(d).  Parkhurst has not demonstrated a reasonable probability that the jury would have returned a not guilty verdict had his counsel obtained and presented at trial the jewelry store receipt.  See Strickland, 466 U.S. at 694.  As the state court pointed out, the receipt does not prove that he asked the victim to marry him before she got pregnant.  More importantly, even if the receipt would have established the date

of the proposal, Parkhurst does not explain why it would have been advantageous to establish that he had proposed to the victim on the date he purchased the ring.  This evidence does not raise a probability sufficient to undermine confidence in the guilty verdict in his case.  See Peralta, 597 F.3d at 79-80. There was an overwhelming amount of evidence that Parkhurst, as the victim's guardian, was in a position of authority and exploited that position to coerce her to engage in sexual activities.  Even if Parkhurst had proven that he proposed to her before she got pregnant, it would be insufficient to call into question the coercive nature of their sexual activities. Moreover, Parkhurst admits that the victim turned down his marriage proposal, which makes the proposal even less relevant to his claim of mutual love between the two.

Because the state court reasonably determined that the counsel's failure to obtain the receipt did not prejudice the outcome in Parkhurst's case, it properly denied his ineffective assistance claim.

### 2. **Failure to Obtain Video Store Records**

Parkhurst's next claim of ineffective assistance is that his trial counsel failed to obtain Suncoast Video Store records

13

where the victim had opened a membership account.  Parkhurst
contends that those records are relevant because the date the
victim opened the account was the date of their first sexual
contact, and the fact that she paid for the merchandise herself
demonstrates that he was not buying her goods to procure sexual
favors.

In rejecting this claim, the state court concluded that the
trial counsel was not ineffective because she engaged in
meaningful discovery regardless of whether she obtained the
video store records.  Specifically, the state court reasoned
that the counsel's correspondence to Parkhurst demonstrated that
she had attempted to obtain the records but the video store
could not locate them.

Parkhurst has failed to demonstrate that the state court's
application of Strickland to the facts of this ineffectiveness
claim was objectively unreasonable.  He has demonstrated neither
deficient performance nor resulting prejudice from the counsel's
failure to obtain the video store records.  See Strickland, 466
U.S. at 687.  The state court reasonably concluded that
Parkhurst's counsel was not ineffective because she sought to
obtain those records but was unable to do so.  In a memorandum

14

dated August 1, 2006, his counsel detailed the extensive steps she had taken to obtain the Suncoast records without success. Doc. No. 1-6 at 5.  Those efforts did not fall below an objective standard of reasonableness.  See Pina, 565 F.3d at 54.

Even if his counsel's performance was deficient, Parkhurst has not demonstrated the resulting prejudice.  See Strickland, 466 U.S. at 694.  Assuming without deciding that the records would have corroborated his testimony that his first sexual encounter with the victim was after her sixteenth birthday, the absence of those records did not prejudice his case because the jury acquitted him of charges that the victim was under sixteen. He was convicted of sexual assault occurring before the victim reached the age of eighteen.  Given that the victim was pregnant with Parkhurst's child at seventeen, the date of their first sexual encounter is inconsequential.

Parkhurst's argument that the video store records demonstrate that he was not using monetary incentives to coerce the victim to have sex is similarly insufficient to establish prejudice.  Absence of records demonstrating that on one occasion the victim paid for certain merchandise herself does not create a reasonable probability that the jury would have

acquitted Parkhurst of exploiting his position of authority to coerce the victim to have sex with him.  A review of the trial transcript demonstrates that the victim's claim that Parkhurst bought her things in exchange for sexual favors paled in comparison to her multiple claims that she was afraid Parkhurst would turn over guardianship to the State and thereby separate her from her brother if she did not comply with his sexual requests.

Because Parkhurst cannot demonstrate that his trial counsel was ineffective in failing to obtain the video store records or that the absence of those records prejudiced the outcome in his case, the state court's denial of his claim was objectively reasonable.

### 3.   **Failure to Obtain Videotaped Interview of the Victim**

Parkhurst claims that trial counsel was ineffective because she did not obtain a videotaped police interview of the victim. He contends that this evidence was relevant because his trial counsel switched the original transcript of the interview with a redacted version that allegedly excluded certain exculpatory statements establishing that the victim was a "willing participant and mutual decision [] maker in the sexual

16

activities . . . ." Doc. No. 21 at 7. The state court found
that even if trial counsel had provided Parkhurst with a copy of
the videotape, the outcome of the trial would not have been
affected. Doc. No. 1-14 at 8.

Parkhurst has failed to demonstrate that the state court
unreasonably applied the Strickland test to his ineffective
assistance claim. See 28 U.S.C. § 2254(d). The state court
rejected Parkhurst's claim under the prejudice prong of
Strickland without deciding whether the trial counsel's failure
to provide Parkhurst with the videotape of the victim's
interview constituted deficient performance. Doc. No. 1-14 at
8. Parkhurst maintains that the redacted portions of the
interview would have raised reasonable doubt regarding the claim
that he coerced the victim to engage in sexual activities,
because the victim admitted to performing oral sex on Parkhurst
on her own initiative; she stated that he threatened to turn
over guardianship to the State only a couple of times; and the
interviewing officer asked certain questions multiple times,
"signaling the [victim] had given the 'wrong' answer." Doc. No.
21 at 7, 9.

17

Even assuming that the videotape of the victim's interview
would have exposed those additional statements, they are
insufficient to give rise to a reasonable probability that the
jury verdict would have been different.  See Yeboah-Sefah, 556
F.3d at 70.  Significantly, most of the issues that Parkhurst
claims would have been uncovered in the videotaped interview
were in fact exposed during the trial.  During cross-
examination, the victim testified that she told the police that
her sexual relations with Parkhurst were consensual and that she
liked it.  Tr. 1 at 184-85.  She also testified that she was
uncertain how many times Parkhurst had threatened to turn over
guardianship to the State.  Id. at 131-32.  The exculpatory
statements that Parkhurst claims were redacted from the
transcript of the victim's interview are thus not of any
particular significance, given that similar statements emerged
at the trial.  Moreover, the allegation that the interviewing
officer asked certain questions multiple times does not,
standing alone, establish that the officer coerced the victim
during the interview.  For these reasons, there is no reasonable
probability that, had Parkhurst obtained the videotaped
interview of the victim, the jury would have returned a not

18

guilty verdict on the coercion charges.   Therefore, Parkhurst

has failed to show that the state court unreasonably concluded

that his case was not prejudiced due to his counsel's alleged

deficiency.

### 4.   Failure to Challenge Alterations in Police Reports

Lastly, Parkhurst argues that his trial counsel was

ineffective because she did not challenge certain alterations in

police reports that prejudiced his case.   It is unclear,

however, whether he is referring to alterations in the

transcript of the victim's interview or to misrepresentations in

other reports that he challenged in the state court.   Out of

abundance of caution, I address all of the reports.

In his objection to the Warden's motion for summary

judgment, Parkhurst indicates that the alterations pertain to

the transcript of the victim's police interview, the issue

addressed in the previous claim.   Given my conclusion that

Parkhurst has failed to demonstrate prejudice with respect to

his trial counsel's failure to obtain the videotaped interview

of the victim, I need not elaborate on the lack of prejudice in

counsel's failure to challenge at trial alterations in the

redacted interview transcript.

In his motion for a new trial, Parkhurst also claimed that his counsel failed to challenge inaccuracies in two police reports, one falsely reflecting that he had been arrested for armed rape, and the other falsely stating that the victim's friend Nelia was present when the police interviewed the victim. Doc. No. 1-5 at 9.  Without specifically addressing this claim, the state court held that his trial counsel's performance did not prejudice Parkhurst's case.

Parkhurst has not demonstrated that a police report stating that he had been arrested for armed rape was introduced at trial.  Therefore, he has failed to demonstrate that the outcome in his case was prejudiced by his counsel's failure to challenge the inaccurate report.  With respect to the allegation that his trial counsel failed to challenge the inaccuracy regarding Nelia's presence during the victim's interview, Parkhurst has failed to demonstrate a reasonable probability that the counsel's failure undermines confidence in the outcome of his case.  Therefore, the state court reasonably concluded that Parkhurst failed to show any prejudice resulting from counsel's alleged failure to challenge inaccuracies in either report.

Because Parkhurst has not demonstrated that the state court's application of Strickland to any of his ineffective assistance claims was objectively unreasonable, Section 2254(d) prohibits habeas relief.

**B.   Evidentiary Claim**

Parkhurst argues that his rights to due process and a fair trial were violated when the trial court admitted his statements to the police that he had asked the victim "to lick her vagina, because he want[ed] to see what a virgin taste[d] like" and had "asked [the victim] if [he] could taste her."  He contends that those statements were irrelevant and unfairly prejudicial.  In response, the Warden argues that the claim is procedurally defaulted because Parkhurst failed to raise it on his direct appeal, and that even if the claim is not waived, it is without merit.  I determine that the claim is not procedurally defaulted, but I nevertheless deny relief on the merits.

A federal habeas claim "is precluded in circumstances in which a state prisoner has defaulted on that claim in state court by virtue of an independent and adequate state procedural rule." Janosky v. St. Amand, 594 F.3d 39, 44 (1st Cir. 2010) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).  As the

court of appeals has observed, a claim for habeas relief is
procedurally defaulted in either of two situations: (1) "if the
state court has denied relief on that claim on independent and
adequate state procedural grounds;" or (2) "if it was not
presented to the state courts and it is clear that those courts
would have held the claim procedurally barred." Pike v.
Guarino, 492 F.3d 61, 73 (1st Cir. 2007), cert. denied sub nom.
Pike v. Bissonette, 552 U.S. 1066 (2007).  When it applies,
procedural default can be surmounted only if "the prisoner can
demonstrate cause for the default and actual prejudice as a
result of the alleged violation of federal law, or demonstrate
that failure to consider the claims will result in a fundamental
miscarriage of justice." Coleman, 501 U.S. at 750.

     The Warden argues that because Parkhurst did not raise a
federal basis for his evidentiary claim in the notice of direct
appeal, the claim is procedurally defaulted.  The Warden is
correct that, under New Hampshire law, a petitioner who has
knowledge of an issue and an opportunity to raise the issue on
direct appeal, but who fails to do so, procedurally waives the
issue for state collateral review.  See Avery v. Cunningham, 131
N.H. 138, 143 (1988).  Parkhurst neither raised nor briefed the

22

federal due process claim on direct appeal.  Instead, he argued
that the trial court erred in failing to exclude his sexually
graphic statements under New Hampshire Rules of Evidence 401,
403, and 404(b).  He did not argue that the admission of those
statements also violated his federal constitutional rights, nor
did he cite a single case that would allow for the inference
that he intended to assert a federal claim.

The Warden fails to recognize, however, that "[t]he mere
existence of a basis for a state procedural bar does not deprive
[federal courts] of jurisdiction; the state court must actually
have relied on the procedural bar as an independent basis for
its disposition of the case."  Caldwell v. Mississippi, 472 U.S.
320, 327 (1985); see Harris v. Reed, 489 U.S. 255, 263 (1989)
("[A] procedural default does not bar consideration of a federal
claim on either direct or habeas review unless the last state
court rendering a judgment in the case 'clearly and expressly'
states that its judgment rests on a state procedural bar."
(quoting Caldwell, 472 U.S. at 327)).  Although the state habeas
court could have denied Parkhurst's due process claim on
procedural default grounds, it did not do so.  Instead, the
state habeas court declined to rule on Parkhurst's federal claim

on res judicata grounds, noting that "the issue of the statements' admissibility has already been decided and this court is bound to adhere to the supreme court ruling." Doc. No. 12-1 at 7.  The fact that the state court declined to rule on the merits of Parkhurst's claim on res judicata grounds is not a bar to federal habeas review.  See Cone v. Bell, 129 S. Ct. 1769, 1781 (2009) ("When a state court refuses to readjudicate a claim on the ground that it has been previously determined, the court's decision does not indicate that the claim has been procedurally defaulted.").

Because the state court never addressed Parkhurst's due process claim, my review is de novo.  Pike, 492 F.3d at 67; see Dugas v. Coplan, 506 F.3d 1, 7 (1st Cir. 2007) ("[A] federal court 'can hardly defer to the state court on an issue that the state court did not address.'") (quoting Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001)).  In asserting his due process claim, Parkhurst contends that the sexually graphic statements he made to the police should have been excluded because they were unfairly prejudicial and without probative value, and that admitting the statements into evidence rose to the level of a constitutional violation.

24

When a habeas petitioner challenges the application of a
state evidentiary rule, federal review "is severely limited."
Abrante, 595 F.3d at 18-19.  Violation of a rule of evidence,
without more, is not enough to warrant federal habeas review.
Evans v. Verdini, 466 F.3d 141, 145 (1st Cir. 2006).  "To be a
constitutional violation, a state evidentiary error must so
infuse the trial with inflammatory prejudice that it renders a
fair trial impossible."  Abrante, 595 F.3d at 19 (quoting
Petrillo v. O'Neill, 428 F.3d 41, 44 n.2 (1st Cir. 2005); see
also Coningford v. Rhode Island, 640 F.3d 478, 484 (1st Cir.
2011) ("[T]o trigger [federal habeas] relief, the state court's
application of state law must be 'so arbitrary or capricious as
to constitute an independent due process . . . violation.'"
(quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990))).

On direct appeal, the New Hampshire Supreme Court found
that the statements Parkhurst challenges were properly admitted
into evidence, rejecting Parkhurst's argument that the
statements were irrelevant and unfairly prejudicial.  Upon
review of the record, I find no indication of an evidentiary
error, let alone one that infused Parkhurst's trial with
"inflammatory prejudice that [] render[ed] a fair trial

25

impossible." Abrante, 595 F.3d at 19.  The government had to prove that Parkhurst had used his position of authority to coerce the victim to engage in sexual acts.  The New Hampshire Supreme Court reasonably determined that the statements he made to the police were relevant to a number of contested facts, including Parkhurst's mens rea, his position of authority, and whether he coerced the victim.  In particular, his statements are relevant as admissions that he was the instigator of sexual relations, and that the specific language is indicative of the power relationship between him and the victim.

In addition, the New Hampshire Supreme Court found that the statements' probative value was not substantially outweighed by the danger of unfair prejudice.  The court reasoned that, although crude, the statements would not have caused the jury to decide the case on an improper emotional basis, and noted that Parkhurst's acquittal on two of the indictments supported its conclusion.  I cannot say that the court erred in balancing the statements' probative value against their prejudicial effect.

Even if erroneous, the state court's evidentiary ruling did not rise to the level of a constitutional deprivation.  The statements, although sexually explicit, were not so inflammatory

26

as to fatally infect the trial and result in the denial of fundamental fairness.  <u>See</u> <u>Abrante</u>, 595 F.3d at 19.  Parkhurst cites no authority to suggest otherwise.  Therefore, I find that the admission of the challenged statements into evidence did not violate Parkhurst's rights to due process and a fair trial.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, I grant the Warden's motion for summary judgment (Doc. No. 17).  Because Parkhurst has failed to make a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability.  <u>See</u> 28 U.S.C. § 2253(c)(2); Rule 11, Federal Rules Governing Habeas Corpus Cases Under Section 2254; First Cir. LR 22.0.  The clerk shall enter judgment accordingly and close the case.

SO ORDERED.


                                        /s/ Paul Barbadoro_____
                                        Paul Barbadoro
                                        United States District Judge


November 7, 2011.


cc:  Karl Parkhurst, pro se
     Elizabeth C. Woodcock, Esq.